### Z. D. LAMB v. STATE.

#### No. A-3243. Opinion Filed Jan. 7, 1920.

##### (185 Pac. 1101.)

Appeal from County Court, Bryan County; Lewis Paullin, Judge.

Z. D. Lamb was convicted of a violation of the prohibitory laws, and he appeals. Affirmed.

Victor C. Phillips and Porter Newman, for plaintiff in error.

S. P. Freeling, Atty. Gen., and W. C. Hall, Asst. Atty. Gen., for the State.

PER CURIAM. This is an appeal from the county court of Bryan county wherein the defendant, Z. D. Lamb, was convicted of having the unlawful possession of certain intoxicating liquors, and his punishment fixed at a fine of $100 and imprisonment in the county jail for a period of 30 days. From this judgment of conviction he has appealed to this court, and has assigned several alleged grounds of error for a reversal of the judgment.

The evidence shows that the defendant was the proprietor of a drug store, and as such had in his possession a large quantity of certain compounds containing from 12 to 50 per cent. of alcohol, measured by volume, which said compounds were capable of being used for beverage purposes, and also, in addition to these compounds, a certain quantity of alcohol. The evidence on the part of the state's witnesses shows conclusively that this defendant repeatedly sold these liquors to numerous persons who were in the habit of becoming intoxicated, and at various times when said persons were visibly under the influence of liquor. The evidence on the part of the state, if believed, clearly sustains the conclusion that the sales made of these alleged medicated compounds were for the purpose of using same as beverages by those parties who bought them. The intent on the part of the defendant, that the purchasers should use said liquors for beverage purposes is plainly deducible from the evidence of the state's witnesses.

The defendant denied any intention of selling the liquors for beverage purposes, but the jury decided the conflict adversely to him.

Certain instructions given by the court are complained of, but we find no objection made or exception taken to the giving of these instructions at the time. Under such a condition of the record, no question of error in the instructions is presented for review. Suffice it to say that an examination of the court's instructions discloses no prejudicial error to the defendant sufficient to cause a reversal of this judgment.

Certain instructions were requested to be given, the refusal to give which is separately assigned as error. The court's action in refusing to give these instructions was not erroneous in either instance, because

there was no evidence to support the theory upon which some of these instructions were requested, and the instructions given fairly cover the law of the case in as favorable a manner to the defendant as the evidence would warrant.

The conclusion is reached that the conviction of this defendant under the evidence is just, and comes clearly within the purview of the law making it a misdemeanor to have such prohibited liquors in possession with intent to sell the same.

For the reasons stated, the judgment is affirmed.